DECISION
{¶ 1} Clement Cooper is appealing from his conviction for felonious assault with a gun specification following his guilty plea to the charge and specification. Cooper assigns a single error for our consideration:
 The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary. *Page 2 
 {¶ 2} Cooper was indicted on one count of attempted murder and two counts of felonious assault. As a result of plea negotiations, the charge of attempted murder and one count of felonious assault were nolle prosequed. On March 1, 2004, Cooper entered his guilty plea.
 {¶ 3} A transcript of the plea proceedings is in the record on appeal. The trial court judge was informed that Cooper was 24 years of age, had 12 years of schooling and therefore was able to read, write and understand the English language.
 {¶ 4} The trial court judge reviewed the entry of guilty plea form with Cooper. Cooper acknowledged signing the form after reviewing it with his attorney. Cooper indicated that he understood the guilty plea form and acknowledged that he signed it of his own free will.
 {¶ 5} The trial judge then went through the procedure required by Crim. R. 11(C)(2), which reads:
 (C) Pleas of guilty and no contest in felony cases.
 * * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no *Page 3 
contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 6} Cooper acknowledged that he knew he was giving up his right to a jury trial. The trial court judge then pursued an explanation of what giving up or waiving a jury trial means:
 THE COURT: When you waive your right to a jury trial, I am required by law to advise you that you waive all rights that you would have had at such a trial. They are the right to remain silent, the right to require the prosecutor to prove your guilt beyond a reasonable doubt, the right to issue subpoenas for your witnesses if you have any and have this Court enforce them for you. You would have the right to confront and cross-examine your accusers, and the right to appeal. Do you understand all these rights and voluntarily give them up in order to enter this plea of guilty?
 THE DEFENDANT: Yes, sir.
(Tr. 3-4.)
 {¶ 7} The trial court judge then carefully inquired about Cooper's understanding of the maximum penalties associated with his guilty plea. Cooper indicated that he understood the penalties and indicated that he had no questions about the penalties he faced. *Page 4 
 {¶ 8} Cooper also indicated that he was not under the influence of alcohol, drugs, medication or anything at all that could impair his awareness of the proceedings or the plea he was entering.
 {¶ 9} After the guilty plea had been accepted, counsel for Cooper indicated the guilty plea was an Alford plea, meaning a plea allowed byN. Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, in which a criminal defendant enters a guilty plea to avoid the consequences of a criminal trial but denies his guilt as to the charge. The transcript of the guilty plea proceedings contains no information as to why Cooper felt he was innocent. The trial judge asked Cooper if there was anything Cooper wished to say immediately after counsel stated the plea was an Alford plea. Cooper stated he had nothing to say at that time.
 {¶ 10} After the guilty plea had been accepted, the trial court ordered the preparation of a pre-sentence investigation. Sentencing was scheduled for a date almost two and one-half months later.
 {¶ 11} At the sentencing hearing, counsel for Cooper indicated that Cooper had felt threatened by a man named Marshawn McNeal, who had threatened Cooper earlier. McNeal pointed a gun at Cooper and a gun battle ensued. An innocent 13-year old in the neighborhood was shot by a stray bullet from Cooper's gun.
 {¶ 12} Cooper's feeling that he is innocent is understandable. However, he clearly knew what he was doing when he entered his guilty plea. The plea was entered knowingly. *Page 5 
 {¶ 13} The trial court judge was painstakingly careful in informing Cooper of his rights at trial and the penalties Cooper faced. Cooper had an attorney with whom he could consult and did consult. The plea was entered intelligently.
 {¶ 14} Finally, nothing in the transcript indicates or could be construed to even imply that Cooper's guilty plea was less than voluntary. The judge even asked Cooper directly if Cooper signed the guilty plea form of his own free will, Cooper indicated he was under no outside pressure. The guilty plea was entered voluntarily.
 {¶ 15} Since the record of the plea proceedings clearly indicates that the guilty plea was knowing, intelligent and voluntary, the assignment of error asserting otherwise is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur. *Page 1