[Cite as *State v. Purnell*, 2018-Ohio-1036.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-298 |
| | | (C.P.C. No. 16CR-3969) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael R. Purnell, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 20, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Michael R. Purnell, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of robbery. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} By indictment filed July 22, 2016, defendant-appellee, State of Ohio, charged Purnell with one count of robbery in violation of R.C. 2911.02, a second-degree felony, with an accompanying repeat violent offender ("RVO") specification pursuant to R.C. 2941.149(A); and one count of robbery in violation of R.C. 2911.02, a third-degree felony. Purnell initially entered a plea of not guilty.

{¶ 3}   On November 28, 2016, the scheduled trial start date, the trial court asked the parties to explain the current state of any plea negotiations.  The state noted that it had previously offered Purnell a plea agreement to enter a guilty plea to the second-degree robbery count with no RVO specification along with a joint sentencing recommendation of four years but that Purnell had turned down that offer.  The state indicated that any plea agreement would include the second-degree robbery count.  When asked by the trial court, Purnell stated he understood the plea offer from the state and had discussed it with his counsel, and he also stated he understood the state was under no obligation to make the same offer later should he change his mind about going to trial.  Specifically, Purnell stated "[t]here is no change of heart, Your Honor. We just going to take it to trial."  (Nov. 28, 2016 Tr. at 5.)

{¶ 4}   The trial court asked Purnell whether he understood that if he went to trial he could be found guilty of the offenses, and Purnell stated he understood.  The trial court then explained the maximum possible penalties for the offenses, including the additional penalty associated with the RVO specification, asking Purnell whether he had any questions about the possible sentences.   At that point, counsel for Purnell stated "Mr. Purnell has had a chance to think about this a little bit longer and is inclined to take the deal that has been placed in front of the Court with the conversations that we have had in the back about sentencing."  (Nov. 28, 2016 Tr. at 6.)  The trial court asked Purnell directly whether he wanted to take the plea agreement and enter a guilty plea, and Purnell responded "[y]es, sir." (Nov. 28, 2016 Tr. at 6.)  The trial court then recessed for Purnell's counsel to "go over everything with him."  (Nov. 28, 2016 Tr. at 6.)

{¶ 5}   Following the recess, the trial court engaged in an extensive Crim.R. 11 plea colloquy with Purnell, explaining the offer from the state, informing Purnell of the maximum possible sentences he could face for each offense if he went to trial, and informing Purnell of the rights he was giving up by agreeing to plead guilty.  The state recited the facts of the case, stating Purnell, along with two codefendants, attempted to steal merchandise from the Walmart located on 3900 Morse Road.  A loss prevention officer attempted to stop Purnell from leaving the store with the stolen items at which time a struggle ensued, Purnell pinned the loss prevention officer to the ground and struck him in the face multiple times.   When the trial court asked Purnell's counsel

whether he agreed with the facts, Purnell's counsel stated "there are certain facts that we do disagree with, however, we do believe that there is enough for this plea; so we would stipulate as far as our plea would go." (Nov. 28, 2016 Tr. at 17.) Following the recitation of facts, the trial court asked Purnell whether he wanted the court to accept his plea of guilty and whether he was voluntarily changing his plea to guilty, both of which Purnell answered affirmatively. The trial court found Purnell's plea to be knowing, intelligent, and voluntary and accepted Purnell's guilty plea.

{¶ 6} At the conclusion of the plea hearing, the trial court scheduled a sentencing hearing for January 6, 2017. Additionally, pursuant to some off-the-record discussions regarding the health of Purnell's father, the trial court modified Purnell's $10,000 bond to reporting recognizance with house arrest and drug screens to allow Purnell to spend time with his ailing father before the sentencing hearing.

{¶ 7} On December 12, 2016, Purnell filed a motion to modify the bond. At a December 19, 2016 hearing on the motion, defense counsel stated Purnell's house arrest "fell through," causing the bond to revert back to a $75,000 surety and $10,000 reporting recognizance. (Dec. 19, 2016 Tr. at 2.) Thus, Purnell sought to change the bond back to reporting recognizance without the house arrest requirement. Additionally, Purnell orally moved to withdraw his guilty plea, arguing the charge was "not factually correct" and that there were "other factors here that would be a defense on the robbery." (Dec. 19, 2016 Tr. at 3.)

{¶ 8} The state objected to both the requested bond relief and the motion to withdraw the guilty plea. The state argued there had been no change in circumstances to justify allowing Purnell to withdraw his plea. Additionally, the state argued it would be prejudiced if Purnell were allowed to withdraw his plea because one of Purnell's codefendants who had agreed to testify against Purnell had already been sentenced, and thus the state "doesn't have any leverage over that individual any more." (Dec. 19, 2016 Tr. at 4.)

{¶ 9} At the conclusion of the hearing, the trial court denied Purnell's motion to modify his bond, instead maintaining the $75,000 surety and $10,000 reporting recognizance. With respect to the motion to withdraw the plea, the trial court asked defense counsel to file a written motion and to allow the state to file a written response.

The trial court scheduled a hearing on the motion to withdraw the guilty plea for January 18, 2017.

{¶ 10} Thereafter, on January 3, 2017, Purnell filed a written motion to withdraw his guilty plea.  Purnell stated he entered the plea "against his better judgment and in spite of the defenses he has against the charges."  (Motion to Withdraw Plea.)  The state responded with a January 18, 2017 motion contra, arguing that a change of heart does not constitute a legitimate basis to withdraw a plea.

{¶ 11} At the January 18, 2017 hearing on Purnell's motion to withdraw his guilty plea, defense counsel stated Purnell had always intended to take the case to trial and only decided to enter a guilty plea when he heard the trial court explain the maximum possible sentences, including the potential for the additional time from the RVO specification. Defense counsel further argued the state would not suffer any prejudice, arguing all of the witnesses on the state's original witness list were still available to testify.  The state argued that Purnell's plea had been knowing, intelligent and voluntary, and that the only real reason he wanted to change his plea is because Purnell's hope for house arrest pending sentencing fell through.  The state reiterated it would suffer prejudice from allowing Purnell to withdraw his plea because it had lost its leverage against one of the codefendants who had already accepted a plea and been sentenced.  In response, defense counsel argued Purnell did have a legitimate possible defense, namely that the state cannot prove all the elements of the offense, partly because the state admitted it did not have surveillance footage of Purnell punching the victim.

{¶ 12} The trial court allowed Purnell to address the court directly, and he stated his "sole purpose" for agreeing to take the plea agreement was his desire to spend time with his ill father.  When he realized he would not be released on house arrest, Purnell said he wanted to withdraw his plea because he was innocent.  (Jan. 18, 2017 Tr. at 18.)

{¶ 13} Following the hearing, the trial court denied Purnell's motion to withdraw his guilty plea in a March 9, 2017 written entry.  That same day, the trial court conducted a sentencing hearing and sentenced Purnell to the jointly recommended sentence of four years in prison.  The trial court journalized Purnell's conviction and sentence in a March 30, 2017 judgment entry.  Purnell timely appeals.

## II. Assignment of Error

{¶ 14} Purnell assigns the following error for our review:

> The trial court abused its discretion when it denied the defendant's pre-sentence motion to withdraw his guilty plea.

## III. Analysis

{¶ 15} In his sole assignment of error, Purnell argues the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea.

{¶ 16} A criminal defendant may file a pre-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This court has repeatedly noted that such motions should be " 'freely and liberally granted.' " *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. Davis*, 10th Dist. No. 07AP-356, 2008-Ohio-107, ¶ 15. Even before the trial court imposes a sentence, however, there is no absolute right to withdraw a plea. *Zimmerman* at ¶ 11. A defendant who seeks to withdraw a guilty plea prior to sentencing must establish a reasonable and legitimate basis for the withdrawal of the plea. *Id.* The trial court must then hold a hearing to allow the defendant to make that showing. *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 15. The decision to grant or deny a pre-sentence motion to withdraw rests in the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Id.*; *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} A trial court is not required to grant a pre-sentence motion to withdraw a guilty plea. To determine whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a guilty plea, we look to a number of non-exhaustive factors, including: (1) any potential prejudice to the prosecution if the trial court vacated the plea; (2) whether highly competent counsel represented the defendant; (3) the extent of the Crim.R. 11 hearing before the defendant entered his plea; (4) whether the defendant received a full hearing on his motion to withdraw his plea; (5) whether the trial court fully and fairly considered the motion to withdraw the plea; (6) whether the defendant made the motion within a reasonable time; (7) whether the motion set forth specific reasons for

the withdrawal; (8) whether the defendant understood the nature of the charges and possible penalties; and (9) whether the defendant may not have been guilty or had a complete defense to the crime. *State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127, ¶ 25, citing *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "Consideration of the factors is a balancing test, and no one factor is conclusive." *Zimmerman* at ¶ 13, citing *Fish* at 240.

{¶ 18} Purnell presented the trial court with three main reasons for wanting to withdraw his guilty plea: (1) he had a change of heart and had entered the plea against his better judgment; (2) he did not get released on house arrest before sentencing as he anticipated; and (3) he did not agree with the facts as charged and believed he had a defense to the charges. The trial court conducted a full hearing on Purnell's motion to withdraw his guilty plea. At the conclusion of the hearing, the trial court denied Purnell's motion, concluding Purnell did not present a reasonable and legitimate basis to withdraw his plea. We must use the balancing test outlined above to determine whether the trial court abused its discretion in denying Purnell's motion to withdraw his plea in light of his stated reasons.

### 1. Potential Prejudice to the Prosecution

{¶ 19} First, the state argued it would suffer prejudice if Purnell were allowed to withdraw his plea because of the potential unavailability of one of its witnesses. By the time Purnell filed his motion to withdraw, the trial court had already sentenced one of Purnell's codefendants who had agreed, as part of his plea agreement, to testify against Purnell at trial. The state asserted that once that codefendant's sentence had been entered, the state lacked any leverage to compel that codefendant to testify on the state's behalf. Purnell responded to this argument that the state still had another codefendant yet to be sentenced and available to testify and that the state did not demonstrate it had attempted to contact the first codefendant about his continued availability to testify. Although the state did not present definitive information about the first codefendant's unavailability or unwillingness to testify, we nonetheless conclude the state has set forth some evidence of prejudice "beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea." *Harris* at ¶ 26. Thus, the first factor weighs against Purnell's motion.

### 2.  Highly Competent Counsel

{¶ 20} The second factor looks to whether highly competent counsel represented Purnell. Purnell was represented by highly competent counsel throughout the proceedings, especially when he agreed to enter his guilty plea. Purnell repeatedly expressed satisfaction with his counsel on the record. Thus, the second factor weighs against Purnell's motion.

### 3.  Crim.R. 11 Hearing

{¶ 21} The third factor examines the extent of the Crim.R. 11 hearing before Purnell entered his plea. The record reflects the trial court conducted a comprehensive Crim.R. 11 hearing on November 28, 2016. Purnell does not contest the thoroughness or adequacy of his plea hearing. Because the trial court fully and properly conducted the Crim.R. 11 hearing, the third factor also weighs against Purnell's motion.

### 4.  Receipt of a Full Hearing on the Motion to Withdraw

{¶ 22} The fourth factor in the balancing test asks whether Purnell received a full hearing on his motion to withdraw his guilty plea. The record indicates that Purnell orally moved to withdraw his guilty plea at the December 19, 2016 hearing and that the trial court ordered defense counsel to file a written motion for the express purpose of considering the motion at its own hearing. The trial court subsequently conducted a hearing on Purnell's motion to withdraw on January 18, 2017, giving both parties ample opportunity to argue the motion. Thus, because the trial court gave Purnell a full opportunity to be heard on his motion, the fourth factor weighs against Purnell's motion.

### 5.  Full and Fair Consideration of the Motion

{¶ 23} The fifth factor looks to whether the trial court fully and fairly considered Purnell's motion to withdraw his guilty plea. After providing Purnell with a full hearing, the trial court issued a written decision explaining its reasons for denying Purnell's motion. The trial court noted Purnell's primary reasons for wanting to withdraw his plea were that he did not get released on house arrest as anticipated and that he now argued he had possible defenses to the charges. After duly considering Purnell's motion and conducting the appropriate balancing test, the trial court concluded Purnell did not present a reasonable and legitimate basis for the withdrawal of his plea. Thus, the fifth factor weighs against Purnell's motion.

### 6.  Reasonable Time

{¶ 24}  The sixth factor asks us to consider whether Purnell made his motion within a reasonable time.  Purnell orally moved to withdraw his plea on December 19, 2016, less than one month after he had entered the plea on November 28, 2016.  We find this to be a reasonable time.  Thus, the sixth factor weighs in favor of Purnell's motion.

### 7.  Specific Reasons for Withdrawal

{¶ 25} The seventh factor asks whether Purnell set forth in his motion specific reasons for the withdrawal.  In his written motion to withdraw, Purnell gave a very succinct reason for wanting to withdraw his plea: he entered the plea against his better judgment and in spite of having defenses to the charges.  Purnell also made clear at the hearing that a major motivation for wanting to withdraw his plea was that he was not released on house arrest prior to sentencing as anticipated.  We conclude Purnell did provide specific reasons for seeking withdrawal of his plea, and, even if his specific reasons ultimately lack merit, the seventh factor nonetheless weighs in favor of Purnell's motion.

### 8.  Whether Purnell Understood the Charges and Possible Penalties

{¶ 26} The eighth factor asks whether Purnell understood the nature of the charges and the possible penalties.  At the Crim.R. 11 hearing, the trial court explained all the charges and possible penalties, and Purnell expressly stated he understood.  The trial court also explained the jointly recommended sentence accompanying the plea agreement, and Purnell stated he understood.  Having reviewed the record, we find that Purnell understood the charges and possible penalties against him, and we conclude the eighth factor weighs against Purnell's motion.

### 9.  Possible Defenses to the Charges

{¶ 27} Under the ninth and final factor, we look to whether Purnell had possible defenses to the charges against him.  Purnell stated he did not agree with the facts as charged, and his counsel stated its belief that the state would be unable to prove the elements of the offenses against Purnell.  Defense counsel would not elaborate on its specific reasons, instead arguing the burden was not on defense counsel to point out the holes in the state's case.  This court has previously noted that "the balancing test does not require the defendant seeking to withdraw his plea be able to uncontrovertibly prove his

defense at the motion hearing. Instead, the balancing test asks only whether the defendant had possible defenses." *State v. Jones*, 10th Dist. No. 15AP-530, 2016-Ohio-951, ¶ 29. Here, however, Purnell did not assert an actual defense, instead maintaining his belief that the state could not prove he was guilty. Thus, we conclude the ninth factor weighs against Purnell's motion.

{¶ 28} In summation, the majority of the nine factors weigh against Purnell's motion. Moreover, a trial court appropriately assesses a defendant's credibility in considering the defendant's asserted reasons for wanting to withdraw his plea. *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 23. Here, the trial court determined Purnell's primary reason for wanting to withdraw his plea was that he was not released on house arrest prior to sentencing as he anticipated. We are mindful that the trial court is in the best position to consider the credibility of Purnell's arguments, and the trial court concluded Purnell's apparent "change of heart" did not present a reasonable and legitimate basis for the withdrawal of his plea. *State v. Burris*, 10th Dist. No. 13AP-238, 2013-Ohio-5108, ¶ 18. Having reviewed the record and weighed the nine factors in the balancing test, we conclude the trial court did not abuse its discretion in denying Purnell's motion to withdraw his guilty plea. Accordingly, we overrule Purnell's sole assignment of error.

## IV. Disposition

{¶ 29} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Purnell's pre-sentence motion to withdraw his guilty plea. Having overruled Purnell's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____