[Cite as *State v. Cook*, 2021-Ohio-2416.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-519 |
| | | (C.P.C. No. 19CR-5638) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David M. Cook, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 15, 2021

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Michael P. Walton,* for appellee.

**On brief:** *Brian J. Rigg,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, David M. Cook, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of failure to comply with an order of a police officer and violating a protection order. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed October 31, 2019, plaintiff-appellee, State of Ohio, charged Cook with one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331, a third-degree felony; one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331, a fourth-degree felony; one count of violating a protection order in violation of R.C. 2919.27, a fifth-degree felony; and one count of aggravated menacing in violation of R.C. 2903.21, a first-degree misdemeanor.

{¶ 3} Cook initially entered a plea of not guilty.  However, on September 15, 2020, Cook withdrew his general plea of not guilty and entered a guilty plea to one count of failure to comply as a fourth-degree felony and one count of violation of a protection order as a fifth-degree felony.  The state agreed to a nolle prosequi on the remaining two counts pursuant to the plea agreement.  The parties also jointly recommended that the trial court order a pre-sentence investigation.

{¶ 4} On September 15, 2020, the trial court conducted a plea hearing pursuant to Crim.R. 11.  During the hearing, the trial court noted that Cook had been deemed competent to participate in the proceedings following his request for a mental health examination.  Cook's counsel indicated she had the opportunity to go over the plea form with Cook to ensure he understood it.  The state recited the facts of the case, stating that in the early morning hours of October 24, 2019, Cook's ex-wife called police and reported that Cook had been following her since she left her home that morning and that he continued to follow her on the highway, driving very closely and aggressively behind her and nearly hitting her and running her off the road.  Cook's ex-wife had a valid protection order against Cook.  After Cook's ex-wife turned on her emergency lights, a nearby trooper was able to see Cook's ex-wife and was able to observe the other vehicle she reported.  The trooper activated his lights and sirens, at one point pulling alongside Cook.  Cook initially slowed down and appeared as if he would stop, but he then suddenly accelerated around the cruiser, passed multiple vehicles on the berm, weaving in and out of traffic until he exited the highway.  Once Cook exited the highway, the pursuit terminated.  The state also noted Cook had a prior conviction of violation of a protection order in July 2019.

{¶ 5} The trial court then asked Cook whether he had enough time with his attorney to go over the plea form, and he indicated that he had.  After explaining the charges to which Cook was admitting guilt and the possible penalties associated with those charges, the trial court asked Cook whether he understood the charges, penalties, and rights he was giving up by foregoing a trial, with Cook affirmatively stating he understood all of those components, including the possibility that he could face time in prison.  The trial court also inquired about Cook's level of education, and Cook stated he has a master's degree in computer information systems.  Further, the trial court informed Cook he could have more time with his attorney if he felt he needed it to talk about any of the charges and possible

sentences arising from his plea.  Finally, the trial court asked Cook whether he was entering the plea freely and voluntarily and whether he was satisfied with his counsel, and Cook answered affirmatively to both questions.

{¶ 6}    The trial court found Cook's plea to be competently, knowingly, intelligently, and voluntarily made and accepted Cook's guilty plea.  At the conclusion of the plea hearing, the trial court ordered a pre-sentence investigation and scheduled a sentencing hearing for October 15, 2020.

{¶ 7}    Two days after entering his guilty plea, Cook wrote a letter to the trial court on September 17, 2020 asking to withdraw his plea.  The letter, itself, was not made part of the record, but the trial court summarized its contents at the October 15, 2020 hearing as follows:

> On September 17th, it appears Mr. Cook wrote a personal letter to the court.  I've provided copies to counsel, along with the envelope which was postmarked September 25th at the Jackson Pike jail facility.  The letter has two points in it.  It says that after a review of his plea agreement, "it has been brought to my attention that this is an open plea and none of the terms relayed to me by counsel are binding in any way. Therefore, I wish to withdraw my plea of guilty."  It goes on in the second paragraph to say, "I am having trouble understanding why felony charges were brought against me in this case.  There was no physical harm or damage.  And my previous conviction of violation of a protection order was in lieu of a plea agreement," whatever that means.  "There was no infringement upon my estranged wife involved at any time.  There are no other relevant past convictions in this case whatsoever." He concludes by saying it's not his intention to waste the court's time in this matter.  "I feel I deserve to be represented fairly and without frivolity," if I can read his handwriting.

(Oct. 15, 2020 Tr. at 2-3.)

{¶ 8}    Based on Cook's letter, the trial court conducted a hearing under Crim.R. 32.1 on Cook's request to withdraw his guilty plea.  Cook stated during the hearing that although he had verbally indicated that he read and understood the plea form prior to entering his guilty plea, he did not have his reading glasses with him during his Crim.R. 11 hearing and so did not truly read the form until he returned to his jail cell.  Further, Cook stated it was his understanding that by entering a guilty plea, his sentence would be time served and

"only * * * 18 months of probation."  (Oct. 15, 2020 Tr. at 6.)  Cook's counsel then made a "point of clarification" to the trial court in an effort to explain Cook's possible confusion, noting that during earlier proceedings on the record when Cook requested to have a competency evaluation, the trial court made sure Cook understood that his request would prolong his pre-trial incarceration and further indicated to him that probation was a likely result if he expressed remorse.  However, Cook's counsel stated that in explaining the possible sentences to Cook while reviewing the plea form with him, she never made him any guarantee that he would get only probation.  Cook's counsel indicated that she discussed with Cook the possibility that he could face a "significant amount of jail time," as well as the possibility that he could face only probation.  (Oct. 15, 2020 Tr. at 9.)  The trial court and Cook's counsel both noted that there was never a joint recommendation for probation in this case.  Cook responded that he would "never agree to a plea that doesn't give the definite terms of what [he's] agreeing to."  (Oct. 15, 2020 Tr. at 10.)

{¶ 9}  After considering the factors that weighed for and against allowing Cook to withdraw his plea, the trial court denied Cook's motion to withdraw his guilty plea under Crim.R. 32.1.  The trial court then proceeded with sentencing, imposing an aggregate prison term of 2 years, as well as a 3-year driver's license suspension and 3 years of optional post-release control.  The trial court also noted Cook had 358 days of jail-time credit.  The trial court journalized Cook's convictions and sentence in an October 20, 2020 judgment entry. Cook timely appeals.

## II.  Assignment of Error

{¶ 10} Cook assigns the following error for our review:

> The trial court erred when it denied defendant-appellant's rule 32.1 motion to withdraw a guilty plea.

## III.  Analysis

{¶ 11} In his sole assignment of error, Cook argues the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea.

{¶ 12} A criminal defendant may file a pre-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  This court has repeatedly noted that such motions should be " 'freely and liberally granted.' "  *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. Davis*, 10th

Dist. No. 07AP-356, 2008-Ohio-107, ¶ 15. Even before the trial court imposes a sentence, however, there is no absolute right to withdraw a plea. *Zimmerman* at ¶ 11. A defendant who seeks to withdraw a guilty plea prior to sentencing must establish a reasonable and legitimate basis for the withdrawal of the plea. *Id.* The trial court must then hold a hearing to allow the defendant to make that showing. *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 15. The decision to grant or deny a pre-sentence motion to withdraw rests in the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Id.*; *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} A trial court is not required to grant a pre-sentence motion to withdraw a guilty plea. To determine whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a guilty plea, we look to a number of non-exhaustive factors, including: (1) any potential prejudice to the prosecution if the trial court vacated the plea; (2) whether highly competent counsel represented the defendant; (3) the extent of the Crim.R. 11 hearing before the defendant entered his plea; (4) whether the defendant received a full hearing on his motion to withdraw his plea; (5) whether the trial court fully and fairly considered the motion to withdraw the plea; (6) whether the defendant made the motion within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and possible penalties; and (9) whether the defendant may not have been guilty or had a complete defense to the crime. *State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127, ¶ 25, citing *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10. "Consideration of the factors is a balancing test, and no one factor is conclusive." *Zimmerman* at ¶ 13.

{¶ 14} Cook presented the trial court with two main reasons for wanting to withdraw his guilty plea: (1) his confusion over whether there was an agreed sentence if he entered the plea, and (2) his confusion over why the charges against him included felony charges. The trial court conducted a full hearing on Cook's motion to withdraw his guilty plea. At the conclusion of the hearing, the trial court denied Cook's motion, concluding Cook did not present a reasonable and legitimate basis to withdraw his plea. The trial court noted that given Cook's level of education, it had a hard time believing he was truly confused about

the plea, the possible sentences, and the charges against him.  It also noted that Cook was choosing to view his attorney as an adversary, but that his trial counsel had nonetheless provided highly competent representation to him throughout the proceedings.  Rather than finding Cook was genuinely confused about the plea he entered, the trial court instead found Cook's attempt to withdraw his plea was indicative of his "stubborn failure to acknowledge some of the obvious things in this case all the way through, and accept responsibility consistently for what he's doing," adding Cook is "just sort of a stubborn guy." (Oct. 15, 2020 Tr. at 23.)  Ultimately, the trial court concluded Cook had simply had a change of heart about his guilty plea.  We must use the balancing test outlined above to determine whether the trial court abused its discretion in denying Cook's motion to withdraw his plea in light of his stated reasons.

### 1.  Potential Prejudice to the Prosecution

{¶ 15} First, the state argued it would suffer prejudice if Cook were allowed to withdraw his guilty plea because of the difficulty in seating juries during the ongoing COVID-19 pandemic.  The trial court explored those concerns, noting the ongoing challenges the pandemic posed to scheduling criminal trials and the backlog the pandemic was creating in the courts.  However, as the trial court noted, this prejudice is not specific to Cook's attempted withdrawal of his guilty plea; the scheduling challenges created by the COVID-19 pandemic exist for all court proceedings.  Cook made his motion to withdraw only two days after entering his plea, thereby undermining any genuine possibility that the pandemic scheduling concerns were any greater or any less before or after Cook entered his plea.  Thus, for purposes of the balancing test, the first factor weighs in favor of granting Cook's motion.

### 2.  Highly Competent Counsel

{¶ 16} The second factor looks to whether highly competent counsel represented Cook.  As the trial court specifically noted in considering Cook's motion to withdraw, Cook had highly competent counsel throughout the proceedings even when Cook sometimes chose to view his counsel as an adversary.  Additionally, though Cook complained of his counsel's representation when he sought to withdraw his plea, he specifically expressed his satisfaction with his counsel on the record when he was entering his plea.  Thus, the second factor weighs against Cook's motion.

### 3. Crim.R. 11 Hearing

{¶ 17} The third factor examines the extent of the Crim.R. 11 hearing before Cook entered his plea. The record reflects the trial court conducted a comprehensive Crim.R. 11 hearing on September 15, 2020. Cook does not contest the thoroughness or adequacy of his plea hearing, despite his argument that he did not understand the possible sentences he could face if he entered his plea or the nature of his charges. A review of the hearing transcript indicates the trial court explained each of the charges and the possible sentences they carried, and Cook verbally stated he understood those charges and penalties. Because the trial court fully and properly conducted the Crim.R. 11 hearing, the third factor also weighs against Cook's motion.

### 4. Receipt of a Full Hearing on the Motion to Withdraw

{¶ 18} The fourth factor in the balancing test asks whether Cook received a full hearing on his motion to withdraw his guilty plea. The record indicates that Cook sent a letter dated September 17, 2020 to the trial court asking to withdraw his guilty plea, and the trial court conducted a full hearing on the motion to withdraw on October 15, 2020, giving both parties ample opportunity to argue regarding Cook's motion. Thus, because the trial court gave Cook a full opportunity to be heard on his motion, the fourth factor weighs against Cook's motion.

### 5. Full and Fair Consideration of the Motion

{¶ 19} The fifth factor looks to whether the trial court fully and fairly considered Cook's motion to withdraw his guilty plea. After providing Cook with a full hearing, the trial court orally went through all of the factors it took into consideration in denying Cook's motion. The trial court noted Cook's primary reasons for wanting to withdraw his plea and explained why, given the case history and Cook's behavior throughout the proceedings, it believed Cook simply had a change of heart about the plea rather than any genuine confusion over the charges or possible penalties. After duly considering Cook's motion and conducting the appropriate balancing test, the trial court concluded Cook did not present a reasonable and legitimate basis for the withdrawal of his plea. Thus, the fifth factor weighs against Cook's motion.

### 6.  Reasonable Time

{¶ 20}  The sixth factor asks us to consider whether Cook made his motion within a reasonable time.  Cook wrote a letter to the trial court asking to withdraw his plea on September 17, 2020, two days after he had entered the plea on September 15, 2020.  We find this to be a reasonable time.  Thus, the sixth factor weighs in favor of Cook's motion.

### 7.  Specific Reasons for Withdrawal

{¶ 21}  The seventh factor asks whether Cook set forth in his motion specific reasons for the withdrawal.  In his letter to the trial court, Cook gave very succinct reasons for wanting to withdraw his plea: he did not understand that there was not an agreement as to his sentence and he further did not understand why the charges against him were felony-level offenses.  During his hearing, Cook also claimed he did not have his reading glasses with him the day of the hearing and thus was unable to read the plea form before he entered the plea, though he stated on the record during the Crim.R. 11 hearing that his counsel had fully explained the form to him.  We conclude Cook did provide specific reasons for seeking withdrawal of his plea, and, even if his specific reasons ultimately lack merit, the seventh factor nonetheless weighs in favor of Cook's motion.

### 8.  Whether Cook Understood the Charges and Possible Penalties

{¶ 22}  The eighth factor asks whether Cook understood the nature of the charges and the possible penalties.  At the Crim.R. 11 hearing, the trial court explained all the charges and possible penalties, and Cook expressly stated he understood.  The plea form stated that the only joint recommendation from the parties was to order a pre-sentence investigation, but there was no joint recommendation as to sentence.  Cook affirmatively stated he had ample time with his attorney to go over the plea form prior to entering his plea.  Further, the trial court explained he could face prison time for the charges and that he could face the possibility of post-release control, and Cook again stated he understood.  Though Cook then argued through his motion to withdraw that he did not understand that he could face prison time, the trial court noted that it did not believe Cook was genuinely confused given his level of education and Cook's overall behavior throughout the proceedings.  As the trial court had the opportunity to observe and interact with Cook before assessing whether he truly was confused about the nature of his plea, we will not second-guess the trial court in this regard.  *See State v. Purnell*, 10th Dist. No. 17AP-298, 2018-

Ohio-1036, ¶ 28 (it is for the trial court to consider a defendant's credibility in considering the defendant's stated reasons for seeking to withdraw a plea). Having reviewed the record, we find that Cook understood the charges and possible penalties against him, and we conclude the eighth factor weighs against Cook's motion.

### 9. Possible Defense to the Charges

{¶ 23} Under the ninth and final factor, we look to whether Cook had possible defenses to the charges against him. Cook argued he did not understand why he was facing felony-level charges, asserting his conduct was not serious enough to warrant such charges. However, as the trial court noted, Cook's disagreement with the seriousness of the offenses is different than Cook asserting a possible defense to the charges. Here, Cook did not dispute the facts as charged during his Crim.R. 11 hearing. Moreover, Cook did not assert an actual defense, instead using his motion to withdraw to downplay the significance of his conduct. Thus, we conclude the ninth factor weighs against Cook's motion.

{¶ 24} In summation, the majority of the nine factors weigh against Cook's motion. Moreover, a trial court appropriately assesses a defendant's credibility in considering the defendant's asserted reasons for wanting to withdraw his plea. *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 23. Here, the trial court determined Cook's primary reason for wanting to withdraw his plea was that he merely had a change of heart rather than being genuinely confused about the possible sentences he faced. We are mindful that the trial court is in the best position to consider the credibility of Cook's arguments, and the trial court concluded Cook's apparent change of heart did not present a reasonable and legitimate basis for the withdrawal of his plea. *Purnell* at ¶ 28; *State v. Burris*, 1oth Dist. No. 13AP-238, 2013-Ohio-5108, ¶ 18. Having reviewed the record and weighed the nine factors in the balancing test, we conclude the trial court did not abuse its discretion in denying Cook's motion to withdraw his guilty plea. Accordingly, we overrule Cook's sole assignment of error.

## IV. Disposition

{¶ 25} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Cook's pre-sentence motion to withdraw his guilty plea. Having overruled Cook's

 sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and BROWN, J., concur.

———————————