[Cite as *State v. Hogan*, 2025-Ohio-2241.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-520 |
| | | (C.P.C. No. 21CR-1654) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Stephen Hogan, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 26, 2025

**On brief:** *Samuel H. Shamansky Co., L.P.A., Samuel H. Shamansky*, and *Donald L. Regensburger* for appellant.
**Argued:** *Donald L. Regensburger*.

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Paula M. Sawyers* for appellee.
**Argued:** *Paula M. Sawyers*.

APPEAL from Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Stephen Hogan, appeals from a July 22, 2024 judgment entry of the Franklin County Court of Common Pleas. Specifically, Hogan contends that the trial court abused its discretion by denying his motion to withdraw guilty plea. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On April 27, 2021, a Franklin County Grand Jury indicted Hogan on five counts of gross sexual imposition in violation of R.C. 2907.05, felonies of the third degree (Counts One through Five); four counts of rape in violation of R.C. 2907.02, felonies of the

first degree (Counts Six through Nine); and one count of attempted rape in violation of R.C. 2923.02/2907.02, a felony of the first degree (Count Ten).

{¶ 3}   On February 1, 2024, Hogan, pursuant to a plea agreement, entered pleas of guilty to five counts of gross sexual imposition.  (Feb. 1, 2024 Tr. at 4.)  The state dismissed the remaining counts nolle prosequi.  (Tr. at 24-25.)  Relevant to the instant case, the trial court engaged in a Crim.R. 11 colloquy with Hogan who indicated that he understood the nature of the offenses, potential penalties that could be imposed, and the trial rights he would waive by pleading guilty.  (Tr. at 14-16.)  Hogan stated that he had attended college, could read and write the English language, and that he was not taking any prescription medications or drugs that would compromise his ability to understand the proceedings.  (Tr. at 6-7.)  Hogan acknowledged that no one had threatened or promised him something to change his plea to guilty.  (Tr. at 7.)  Hogan stated that he understood the allegations contained in the indictment, and he had sufficient time to discuss the plea arrangement with counsel.  (Tr. at 8.)  The trial court engaged in the following exchange with Hogan regarding his counsel's representation:

> THE COURT: Okay. Has your attorney answered all of your questions about the plea arrangement today?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you satisfied with your attorney today?
>
> THE DEFENDANT: Yes, Your Honor.

 (Tr. at 8.)

{¶ 4}   Regarding the entry of guilty plea form, Hogan indicated he could see the document on the screen, he had reviewed it with counsel, and his counsel had answered all his questions about the document.  (Tr. at 9.)  Finally, Hogan acknowledged that his signature was on the form, and he intended to plead "guilty" to Counts One through Five of the indictment.  (Tr. at 10.)  The trial court reviewed with Hogan the various constitutional rights he was waiving by pleading guilty.  Hogan stated that he understood and wished to change his plea to guilty.  (Tr. at 16.)  The trial court asked defense counsel whether he was satisfied with his client's decision to plead guilty, to which counsel responded, "Yes, Your Honor."  (Tr. at 16-17.)  Counsel believed Hogan's plea was knowing, intelligent, and

voluntary, and that his client understood the potential consequences of his plea. (Tr. at 17.) The state then provided a brief recitation of the facts of the case. According to the state:

> J.D. [the victim] disclosed [during a forensic interview and medical evaluation] to having to perform oral sex on [her stepfather, Hogan]. She disclosed vaginal penetration. And she disclosed that [Hogan] forced her to touch his penis. J.D. reported this happened more than one time, starting when she was 10 years old and ending when she was 12 years old.

 (Tr at 18.)

{¶ 5} For the purposes of sentencing, counsel did not "have any additions or exceptions to the facts as noted by counsel for the State." (Tr. at 21.) The trial court accepted Hogan's guilty plea, ordered a presentence investigation, and scheduled a sentencing hearing. (Tr. at 22-24.)

{¶ 6} On April 11, 2024, Hogan filed both a motion for substitution of counsel and a motion to withdraw guilty pleas. In the motion to withdraw, Hogan argued that his plea was not made knowingly, intelligently, and voluntarily as he was not properly advised by his former counsel of the nature of the plea. Hogan believed that he was entering an *Alford*[1] plea, which would allow him to proceed to sentencing while maintaining his innocence. On April 15, 2024, the trial court granted Hogan's motion for substitution of counsel. On May 2, 2024, the state filed a memorandum in opposition to Hogan's motion to withdraw guilty plea.

{¶ 7} On May 7, 2024, the trial court held a hearing on the motion to withdraw guilty plea. The following evidence was adduced at the hearing.

{¶ 8} While Hogan attended college for approximately four years, he did not graduate as he left to take a position with a company. (May 7, 2024 Tr. at 8, 11.) Hogan's studies focused on mathematics, physics, and engineering. (Tr. at 11-12.) When Hogan was indicted, he retained counsel who represented him for nearly three years. (Tr. at 9.) According to Hogan, "[i]t was explained to me that I would be able to enter the pleas of guilty and still maintain my innocence with an *Alford* plea is what I understood." (Tr. at 9.) Hogan stated the ability to maintain his innocence was the reason he elected to accept

---

[1] "[A]n Alford plea, meaning a plea allowed by *N. Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed. 2d 162, in which a criminal defendant enters a guilty plea to avoid the consequences of a criminal trial but denies his guilt as to the charge." *State v. Cooper*, 2008-Ohio-6119, ¶ 9 (10th Dist.).

the plea agreement. (Tr. at 9-10.) According to Hogan, if he had not believed he was entering an *Alford* plea, he would not have agreed to a guilty plea. (Tr. at 10.) Regarding the February 1, 2024 hearing, Hogan recalled signing the entry of guilty plea form "as instructed by his attorney." (Tr. at 13.) Hogan acknowledged signing the document but stated that he did not "take the opportunity to read the document that was presented to me in court by my attorney." (Tr. at 19-20.) Hogan conceded that the plea form provided, "I understand that my guilty pleas to the crimes specified constitutes both an admission of guilt and waiver of any and all constitutional, statutory or factual defenses with respect to such crimes and this case." (Tr. at 22.) Hogan also conceded that his signature on the form indicated that he waived various substantial, constitutional, statutory, and procedural rights. (Tr. at 22.) The form also indicated that Hogan was pleading guilty to each charge and that he was "completely satisfied" with his representation. (Tr at 24-26.)

> THE COURT: So when I asked you if you reviewed this document and you said yes, are you saying that wasn't true, that you did not review this document?
>
> THE DEFENDANT: Yes, sir. I didn't have time to review it.
>
> THE COURT: Okay. And when I asked you if your attorney had answered all of your questions about this document and you indicated, yes, he had, was that answer not true then?
>
> THE DEFENDANT: Correct.

(Tr. at 30-31.)

{¶ 9} On May 22, 2024, the trial court denied Hogan's motion to withdraw guilty plea. The trial court found that, on balance, the nine non-exhaustive factors for the trial court to consider when reviewing a presentence motion to withdraw guilty plea weighed in favor of denying Hogan's motion. The trial court explained that Hogan's testimony lacked "sufficiency and veracity" and the motion was "lacking in reasonableness and legitimacy as required by Crim.R. 32.1(A)(2)." (May 22, 2024 Decision and Entry at 5.)

{¶ 10} The trial court held a sentencing hearing on July 18, 2024. At the hearing, the state presented information from the victim's forensic interview and additional details as to the nature of the sexual abuse. (July 18, 2024 Tr. at 6-7.) The state introduced Hogan's text messages with the victim showing a history of communication using particular emojis to indicate that "[the victim] needed to go downstairs and have sex with him in the

evening." (Tr. at 7-15; Ex. A-Y.) The state characterized Hogan's statements during the presentence investigation as "evasive at best" downplaying his knowledge of the offenses and victim. (Tr. at 15-20.) Hogan declined to make a statement. (Tr. at 22.) Ultimately, the trial court imposed an aggregate sentence of 10 years in prison. The trial court cited the text message evidence between Hogan and the victim as well as the controlled telephone call where Hogan's "initial instinct was to make the victim seem like the person who was the problem here." (Tr. at 25.) The trial court also noted that Hogan declined to provide his version of events during the presentence investigation. (Tr. at 25.) The trial court issued a judgment entry on July 22, 2024. Hogan filed a timely notice of appeal on August 21, 2024.

## II. ASSIGNMENT OF ERROR

{¶ 11} Hogan timely appealed from the trial court's decision and now asserts the following sole assignment of error for our review:

> The trial court abused its discretion and deprived Appellant of his constitutional rights by denying a presentence Motion to Withdraw Guilty Plea despite the fact that they were not made knowingly, intelligently, and voluntarily.

## III. STANDARD OF REVIEW

{¶ 12} The decision to grant or deny a presentence motion to withdraw a guilty plea rest within the sound discretion of the trial court. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. We review the trial court's denial of a presentence motion to withdraw for an abuse of discretion. *State v. Hall*, 2024-Ohio-4914, ¶ 71 (10th Dist.), citing *State v. Zimmerman*, 2010-Ohio-4087, ¶ 11 (10th Dist.), citing *Xie* at paragraph two of the syllabus. A trial court abuses its discretion when its decision is deemed unreasonable, arbitrary, or unconscionable. *State v. Sydnor*, 2021-Ohio-2596, ¶ 17 (10th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. ANALYSIS

{¶ 13} In his sole assignment of error, Hogan contends that the trial court abused its discretion by denying his motion to withdraw guilty plea.

{¶ 14} Crim.R. 32.1 controls a defendant's withdrawal of a guilty plea, which directs "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the

judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has held that a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *Xie* at 527. However, the right to withdraw a guilty plea is not "absolute." *Id.* at paragraph one of the syllabus. A trial court, when presented with such a motion, must conduct a hearing to resolve whether there is a "reasonable and legitimate basis for the withdraw of the plea." *Id.* Our review of a decision on a presentence motion to withdraw a guilty plea depends upon the particular facts and circumstances of the case. *State v. Askew*, 2022-Ohio-1182, ¶ 17 (10th Dist.), citing *Zimmerman* at ¶ 13, citing *State v. Walton*, 2 Ohio App.3d 117, 119 (10th Dist. 1981). If a reviewing court concludes that the trial court "unjustly or unfairly denied a defendant's presentence motion to withdraw a guilty plea, then a reversal is warranted." *Zimmerman* at ¶ 13, citing *Xie* at 526, citing *Barker v. United States*, 579 F.2d 1219 (10th Cir. 1978).

{¶ 15} While Crim.R. 32.1 does not specify a standard for resolving a motion to withdraw a guilty or no contest plea before a trial court imposes its sentence, *see State v. Barnes*, 2022-Ohio-4486, ¶ 30, this district has identified the following nine non-exhaustive factors to consider when addressing a presentence motion to withdraw guilty plea:

> (1) whether the prosecution would be prejudiced if the plea were withdrawn; (2) whether the defendant was represented by highly competent counsel; (3) whether the defendant received a full Crim.R. 11 hearing prior to entering the plea; (4) whether there was a full hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion to withdraw; (6) whether the motion was filed within a reasonable time period; (7) whether the motion put forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant had a complete defense to the crime or perhaps was not guilty.

 (Further citation omitted.) *Hall* at ¶ 72.

{¶ 16} Consideration of these factors is a balancing test and no one factor is dispositive. (Further citation omitted.) *Id.* at ¶ 73. To be sure, consideration of the factors should be met with caution as the "factor-weighing approach can become a mechanistic exercise in which courts are in danger of losing sight of why we do what we do." *Barnes* at ¶ 35 (J. Brunner, concurring).

### 1. Potential Prejudice to the State

{¶ 17} The first factor concerns whether the state would be prejudiced if the plea was withdrawn. The trial court found that the state would not be prejudiced if Hogan was permitted to withdraw his guilty plea. (May 22, 2024 Decision at 5.) The state does not dispute this point in its brief. Prejudice will not be presumed when it is not articulated. *Zimmerman* at ¶ 23. Thus, we do not find that the state would be prejudiced if the plea were withdrawn. The first factor weighs in favor of granting Hogan's motion.

### 2. Highly Competent Counsel

{¶ 18} The trial court's decision provides that Hogan's counsel was competent based on his prior experience and professional background. (May 22, 2024 Decision at 5.) Competent representation requires counsel to have "legal knowledge, skill, thoroughness, and preparation *reasonably* necessary for the representation." (Emphasis in original.) (Prof.Cond.R. 1.1.) Generally, an attorney licensed in Ohio is presumed competent. *Askew* at ¶ 21, citing *State v. Brown*, 2007-Ohio-7028, ¶ 17 (9th Dist.). Upon review, the record in this case supports the trial court's finding that Hogan was represented by highly competent counsel at the time of his guilty plea. Prior counsel was licensed to practice law in the state of Ohio, no disciplinary history, over 20 years of experience, and represented Hogan for nearly 3 years. While Hogan has alleged various misrepresentations by counsel as to the *Alford* plea, Hogan specifically expressed his satisfaction with counsel on the record when he entered his guilty plea. As we will discuss in subsequent sections, the trial court was required to determine the veracity of Hogan's claims that counsel represented to him that he was entering an *Alford* plea. The trial court, after reviewing the evidence and giving full and fair consideration of his motion, concluded that Hogan's allegations lacked "sufficiency and veracity," and he did not provide a reasonable and legitimate basis as to why it should permit the withdrawal of the guilty plea. Given prior counsel's background, experience, and the available evidence in the record, we find this conclusion was reasonable. Thus, the second factor weighs against Hogan's motion.

### 3. Full Crim.R. 11 Hearing

{¶ 19} The third factor examines the extent of the Crim.R. 11 hearing before Hogan entered his guilty plea. Our review of the record reveals that Hogan was afforded a full Crim.R. 11 hearing before entering a plea of guilty. (May 22, 2024 Decision at 5.) During

the plea hearing, the trial court engaged in a Crim.R. 11 colloquy with Hogan who indicated that he understood the nature of the offenses, potential penalties that could be imposed, and the trial rights he was waiving by pleading guilty. (Tr. at 14-16.) As set forth previously, Hogan also noted that he was satisfied with counsel's representation and that he understood his options and the consequences of pleading guilty. Hogan signed the guilty plea form that provided that he intended to waive a number of substantial, constitutional, statutory, and procedural rights. (Tr. at 22.) Hogan also indicated on the form that he was pleading guilty to each charge and that he was "completely satisfied" with his representation. (Tr at 24-26.) Accordingly, this factor weights against granting Hogan's motion.

### 4. Full Hearing on Motion to Withdraw and Full and Fair Consideration of the Motion

{¶ 20} The fourth and fifth factors concern whether Hogan received a full hearing on his motion to withdraw and whether the trial court gave full and fair consideration to the motion. The record supports the trial court's finding that it provided Hogan a full hearing on the motion to withdraw his guilty plea. (May 22, 2024 Decision at 5.) The trial court gave both parties sufficient opportunity to present arguments regarding the motion to withdraw guilty plea. While Hogan does not dispute he was provided a full hearing on the motion to withdraw, he contends the trial court deprived him "of full and fair consideration by an unbiased trial court" as several of the factors favor granting the motion. (Appellant's Brief at 20, fn. 3.) Our review of the record indicates otherwise. During the hearing, the trial court presided over the proceedings, asked relevant follow-up questions, and indicated that he had reviewed the matter at length. "[T]he Court will not issue a decision today. I'm going to spend some time with this. I've already spent quite a bit of time with it. But I'm going to digest these arguments and what I've heard." (May 7, 2024 Tr. at 43.) The trial court's decision offers a well-reasoned examination of the relevant case law applicable to the instant case. As discussed in this decision, the trial court found several factors favored Hogan, however, it ultimately concluded that, on balance, the motion should be denied. Thus, these factors weigh against granting Hogan's motion.

### 5. Reasonable Time and Specific Reasons for Withdrawal

{¶ 21} The sixth factor asks us to consider whether Hogan made his motion within a reasonable time. Similarly, the seventh factor concerns whether Hogan provided specific reasons for the withdrawal. The trial court concluded that the motion was filed within a reasonable time. Upon review, we agree. We also find that Hogan's motion set forth specific reasons for the withdrawal. According to Hogan, he sought to withdraw his guilty plea based on claims of actual innocence and inadequate assistance of counsel. Regardless of whether the reasons lack merit, we find that Hogan provided a specific basis for seeking the withdrawal of his guilty plea. The sixth and seventh factors weigh in favor of Hogan's motion.

### 6. Whether Hogan Understood the Charges and Possible Penalties

{¶ 22} The eighth factor concerns whether Hogan understood the nature of the charges and potential penalties. At the Crim.R. 11 hearing, the trial court explained all the charges and potential penalties, and Hogan expressly stated that he understood. The record reveals that Hogan is college-educated, has a professional career, and can read and write the English language. We agree with the trial court that Hogan understood the nature of the charges and possible penalties. The trial court reasoned, which we agree, that Hogan was repeatedly informed, both through the oral colloquy with the trial court during the Crim.R. 11 hearing and the written entry of guilty form, that he was entering a guilty plea. (May 22, 2024 Decision at 3, 5.) At no point did Hogan, or anyone during the proceedings, mention an *Alford* plea. Given Hogan's conflicting testimony at the change of plea and motion hearings, the trial court was tasked with making a credibility determination as to this factor. As the trial court had the opportunity to observe and interact with Hogan prior to assessing whether he was genuinely confused about the nature of his plea, we will defer to the trial court in this regard. *State v. Cook*, 2021-Ohio-2416, ¶ 22 (10th Dist.), citing *State v. Purnell*, 2018-Ohio-1036, ¶ 28 (10th Dist.). The trial court's conclusion that Hogan understood the charges and possible penalties at the change of plea hearing was within its discretion and reasonable under the facts of the case. The eighth factor favors denying Hogan's motion.

### 7. Possible Defenses to the Charges

{¶ 23} Finally, under the ninth factor we consider whether Hogan had possible defenses to the crime or perhaps was not guilty. In his motion, Hogan claimed actual innocence of the crimes. However, we must also note that Hogan did not dispute the facts as charged during his Crim.R. 11 hearing or provide his version of events during the presentence investigation. Moreover, during a controlled telephone call, Hogan appeared to place fault with the victim for creating the situation. Still, we have previously noted that " 'the balancing test does not require the defendant seeking to withdraw his plea be able to uncontrovertibly prove his defense at the motion hearing. Instead, the balancing test asks only whether the defendant had possible defenses.' " *Purnell* at ¶ 27, quoting *State v. Jones*, 2016-Ohio-951, ¶ 29 (10th Dist.). This factor favors Hogan.

### 8. Conclusion

{¶ 24} On balance, we find most of the factors weigh against the motion to withdraw. The trial court appropriately considered Hogan's credibility concerning his reasons for wanting to withdraw his plea. *Cook*, 2021-Ohio-2416, at ¶ 24, citing *State v. Ganguly*, 2015-Ohio-845, ¶ 23 (10th Dist.). It is apparent that the trial court believed Hogan understood he was pleading guilty and waiving his rights during the change of plea hearing. At base, the trial court did not find Hogan's motion provided a reasonable and legitimate basis as to why it should permit the withdrawal of the guilty plea. The trial court was in the " 'best position to consider the credibility of appellant's arguments' " at the motion hearing. *Hall* at ¶ 91, quoting *State v. Burris*, 2013-Ohio-5108, ¶ 18 (10th Dist.). Having reviewed the record and considered the nine factors, we find the trial court did not abuse its discretion finding Hogan failed to articulate a reasonable and legitimate basis for the withdrawal of his guilty plea. Accordingly, Hogan's sole assignment of error is overruled.

## VI. CONCLUSION

{¶ 25} Having overruled Hogan's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and BOGGS, JJ., concur.

————————————