[Cite as *State v. Kohler*, 2023-Ohio-1772.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 CAA 10 0068 |
| TOD KOHLER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court of
Common Pleas, Case No. 21 CR I 04 0237

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 25, 2023

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Prosecuting Attorney
Delaware County, Ohio

KATHERYN L. MUNGER
Assistant Prosecuting Attorney
Delaware County, Ohio
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

MICHAEL A. MARROCCO
Saia and Piatt Law Firm
98 North Union Street
Delaware, Ohio 43015

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Tod C. Kohler appeals the judgment entered by the Delaware County Common Pleas Court convicting him following his pleas of guilty to two counts of sexual battery (R.C. 2907.03(A)(5)) and two counts of gross sexual imposition (R.C. 2907.05(A)(4)), and sentencing him to an aggregate prison term of eight years. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On April 30, 2021, Appellant was indicted by the Delaware County Grand Jury with two counts of rape, two counts of attempted gross sexual imposition, and four counts of gross sexual imposition. Trial date was originally set for July 20, 2021. After six continuances, trial was finally scheduled to go forward on June 28, 2022.

**{¶3}** On the morning of trial, counsel for Appellant and the State discussed trial-related issues with the visiting judge in chambers. The prosecutor asked Appellant's attorney if there were any more plea discussions to be had now that Appellant was present.[2] The prosecutor offered to dismiss the remaining charges in exchange for a no contest plea to the two counts of rape. Appellant's counsel rejected the offer, but suggested a possible plea of no contest to two counts of gross sexual imposition. The prosecutor responded he would be willing to discuss two counts of sexual battery and two counts of gross sexual imposition with the victims.

**{¶4}** Appellant's attorney left the courtroom at 8:49 a.m. to discuss a plea with Appellant. Appellant offered to plead no contest to two counts of sexual battery and two

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.
[2] Although these discussions were not held on the record, they were recorded by the courtroom recording system, and recounted in the court's judgment entry of October 5, 2022.

counts of gross sexual imposition.  The State rejected the offer, and told Appellant a guilty plea would be required instead of a no contest plea.

{¶5}    At 11:41 a.m. the court went on the record and conducted a plea hearing, at which Appellant pled guilty to two counts of sexual battery and two counts of gross sexual imposition.  Sentencing was scheduled for August 12, 2022.

{¶6}    On July 29, 2022, Appellant filed a motion to withdraw his guilty pleas.  The trial court held an evidentiary hearing, at which Appellant testified.  Appellant testified when he showed up for trial, he was unprepared for plea negotiations.  While he acknowledged he accepted the State's plea offer, he testified he only pled to the negotiated charge to get the case over quickly.  He testified he felt rushed and did not have time to discuss the plea with his family.  He testified he answered the court's questions during the plea hearing under duress because he could not enter a no contest plea as he wished, but instead was required to plead guilty.  During the hearing on the motion to withdraw the plea, the trial court questioned Appellant about his feelings he entered the plea claiming he was under duress.  Appellant acknowledged there was no external force or threat made against him to coerce him to enter a guilty plea.  Rather, he was experiencing internal pressure from being forced to consider plea negotiations when he expected the trial to begin.  The trial court overruled the motion to withdraw the guilty pleas on October 5, 2022.

{¶7}    The case proceeded to sentencing on October 17, 2022.  Appellant was sentenced to 48 months incarceration on each count, with the sentences for sexual battery to run consecutively to one another, and the sentences for gross sexual imposition

to run concurrently to each other and to the sentences for sexual battery, for an aggregate term of incarceration of eight years.

**{¶8}** It is from the October 5, 2022 and October 17, 2022 judgments of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED IN ITS DENIAL OF APPELLANT'S PRE-SENTENCE REQUEST TO WITHDRAW HIS PLEA.

**{¶9}** In his sole assignment of error, Appellant argues the trial court abused its discretion in overruling his presentence motion to withdraw his guilty pleas.

**{¶10}** A motion to withdraw a plea is governed by Crim. R. 32.1, which provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶11}** "A presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Barnes,* 2022-Ohio-4486, ¶ 13, *citing State v. Xie*, 62 Ohio St. 3d 521, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw his or her plea, even when a motion to withdraw is made before sentencing. *Id.* Before ruling on a defendant's presentence motion to withdraw his plea, the trial court

must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea. *Id.* The determination of whether there is a reasonable and legitimate basis for the defendant's request to withdraw a plea is within the sound discretion of the trial court, and must be affirmed on appeal absent an abuse of discretion on the part of the trial court. *Id.*

**{¶12}** The Ohio Supreme Court has recently restated its past precedent in *Xie* that a presentence motion to withdraw a plea should be freely and liberally granted, while recognizing there are situations in which a denial of a presentence motion to withdraw a plea is not an abuse of discretion:

We begin by repeating what this court established three decades ago in *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715: a defendant's presentence motion to withdraw his guilty plea should be freely and liberally granted. This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start.

As previously noted, a defendant does not have an absolute right to withdraw his guilty plea, *id.*, and denying a defendant's motion to do so has been upheld in various circumstances, *id.* at 524-525, 584 N.E.2d 715 (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant relied on his defense attorney's erroneous advice regarding parole eligibility). *See also State v. Drake,* 73

Ohio App.3d 640, 645-646, 598 N.E.2d 115 (8th Dist. 1991) (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant pleaded guilty on a mistaken belief that his aggravated-robbery charge would be reduced to robbery); *State v. Lambros,* 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist. 1988) (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant pleaded guilty because he thought that in exchange for pleading guilty, he would be sentenced to probation); *State v. Ganguly,* 10th Dist. Franklin, 2015-Ohio-845, 29 N.E.3d 375, ¶ 15 (the trial court's denial of the defendant's presentence motion to withdraw his guilty plea was upheld when the defendant asserted that his antianxiety medication rendered his plea unknowing, unintelligent, and involuntary).

**{¶13}** *Barnes, supra*, at ¶¶21-22.

**{¶14}** In *Barnes*, the defendant claimed he acted in self-defense throughout the proceedings. The State gave Barnes's attorney video footage from the scene, which counsel did not share with Barnes prior to his plea. After viewing the footage subsequent to his plea but prior to sentencing, Barnes believed based on his military training the footage supported his claim of self-defense. The Ohio Supreme Court found the trial court erred in overruling Barnes's motion to withdraw his plea under these circumstances. *Id.* The Eighth District Court of Appeals had developed a set of factors under which to evaluate whether there is a reasonable and legitimate basis for withdrawal of a plea. The

Ohio Supreme Court declined to apply those factors in *Barnes*, holding "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Id.* at ¶24. However, the court did not hold the factors would be inapplicable in every case where a presentence motion to withdraw a plea is made. *See Brunner, concurring* ("I would go further and would discard the nine-factor analysis that has been created and adopted by Ohio's courts of appeals in favor of a renewed focus on Crim.R. 32.1 and the guiding standards set forth by this court in *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992.")). *Id.* at ¶28.

**{¶15}** The instant case does not involve discovery of evidence which would support a defense to the charges against Appellant. Rather, Appellant based his motion on feeling internal pressure to make a decision on the plea, and his wish to plead no contest rather than guilty. As such, we find the factors set forth by this Court in prior cases to be applicable to the trial court's evaluation of Appellant's motion, as well as our review of the trial court's decision. This Court set forth these factors in *State v. Gilmore,* 5th Dist. Perry No. 15CA17, 2016-Ohio-2654, ¶14, as follows:

> Some factors a trial court may consider when making a decision on a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim .R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and

the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist. 2000), *citing State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist. 1995); *Accord, State v. Pitts*, 5th Dist. Stark No. 2012CA00234, 2014–Ohio–17, ¶ 21. No one *Fish* factor is conclusive. *Cuthbertson, supra.* In addition, when weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison,* 5th Dist. Stark No. 2008–CA–00082, 2008–Ohio–7037, ¶ 45, *citing State v. Kramer,* 7th Dist. Mahoning No. 01–CA–107, 2002–Ohio–4176, ¶ 58. The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *Xie, supra,* 62 Ohio St.3d at 525, *citing State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**{¶16} Prejudice to the State**:   The change of plea hearing in the instant case was made on the morning of trial.  The State was prepared to proceed to trial, having prepared the young victims to testify.  Both victims in the instant case were young girls who alleged they were sexually abused by Appellant when they were under the age of ten.  The memories of young witnesses tend to fade with time more than the memories of adult witnesses, causing prejudice to the State by time delay.  *See State v. O'Neill,* 7th

Dist. Mahoning No. 03 MA 188, 2004-Ohio-6805, ¶ 33 ("prejudice to the State's case can be seen in that the victim was appellant's daughter, who was a ten-year-old child when the molestation began and whose memory is more likely to dim with time than the typical adult witness's memory"); *State v. Martre,* 3rd Dist. Allen No. 1-18-61, 2019-Ohio-2072, ¶ 14 (finding prejudice to the State in sex offense case involving a minor child because the nature of sex offense cases with minor child victims involves memories which do not improve with age, and all State witnesses were present and ready to proceed on the day of trial prior to acceptance of the negotiated plea agreement).

{¶17}  In the instant case, Appellant entered the plea on the morning of trial, when the State's witnesses were prepared and ready to testify.  The victims in this case are Appellant's young stepdaughters.  As discussed in the case law cited above, the memories of children tend to fade in ways the memories of adult witnesses do not fade. Nearly a year had passed from the date Appellant was indicted to the time of trial. We find the trial court did not abuse its discretion in finding prejudice to the State.

{¶18}  **Timeliness of the motion to withdraw the plea:**  Appellant's motion was filed prior to sentencing, and the trial court found the motion to be timely.

{¶19}  **Counsel's representation:**  Appellant testified he had no objections or concerns about his attorney's representation.  Appellant does not argue on appeal the trial court erred in its finding there were no problems with counsel's representation.

{¶20}  **Adequacy of plea hearing:**  The trial court found the plea hearing met the requirements of Crim. R. 11, and Appellant makes no argument to this Court challenging this finding.

{¶21} **Extent of plea withdrawal hearing and attention given to the motion:** Appellant does not argue on appeal the trial court erred in its consideration of the motion. The record demonstrates the trial court held an evidentiary hearing on the motion, and issued a fourteen-page judgment setting forth its reasons for overruling the motion.

{¶22} **Reasons for wanting to withdraw the plea, potential defenses, and whether defendant may be not guilty:** The trial court addressed these factors together, rejecting Appellant's claim he felt rushed to make a decision on the plea offer and did not have time to make a decision before entering his plea. The trial court found Appellant had a change of heart, which is not a sufficient basis to withdraw a plea. The trial court further found while Appellant continued to maintain his innocence, he had no evidence to offer to prove his innocence or call his guilt into question other than his denial of the charges. The trial court found while Appellant most likely felt some pressure when contemplating plea negotiations on the morning of trial, it is the "uncommon defendant who does not feel some sort of pressure" on the morning of trial. Judgment entry, 10/5/22, p. 13. Appellant argues the trial court abused its discretion in finding he merely had a change of heart, arguing he felt "situational distress" having to decide on a plea deal the morning of trial, and he continues to maintain his innocence.

{¶23} Although Appellant testified at the plea withdrawal hearing he wanted to enter a no contest plea, he also admitted the State did not make such an offer. The record is clear Appellant understood the offer was contingent upon a plea of guilty. While Appellant argues he did not have time to make an informed decision, the record reflects he had several hours during which he could confer with counsel, and he was not in custody during this time. He testified he was not able to talk with his father before

changing his plea, but admitted he did not ask to telephone his father while considering the plea offer.

**{¶24}** While Appellant preferred to enter a no contest plea, it was clear to him the offer was contingent on a guilty plea, and he does not make any argument he did not understand the ramifications of a guilty plea. Although he maintained he was innocent throughout, he had no defense or evidence to present to demonstrate his innocence. Unlike the defendant in *Barnes*, *supra*, there was no new evidence to support his claim of innocence discovered subsequent to the plea hearing. The trial court was in a better position than this Court to evaluate Appellant's testimony at the change of plea hearing and to determine whether Appellant simply had a change of heart regarding his plea as opposed to a reasonable, legitimate reason for withdrawing the plea. *See Gilmore, supra, citing Xie, supra.*

**{¶25}** After individually examining each of the factors set forth by this Court in *Gilmore*, the trial court summarized:

> Kohler has presented no valid argument for withdrawing his plea. He had more than competent counsel, his plea hearing was lengthy and covered all the required topics, he was properly advised of his constitutional rights, and told the Court he understood the charges and penalties, and had had sufficient time to discuss the matter with his counsel, and was proceeding voluntarily.

Fundamentally, what is left is merely Kohler's change of heart. In the weeks following his plea he wished he had not pled guilty. This is legally insufficient to allow a plea to be withdrawn.

**{¶26}** Judgment Entry, 10/5/22, p. 13.

**{¶27}** We find the trial court did not abuse its discretion in finding Appellant's motion was based on a change of heart, which is insufficient to demonstrate a reasonable and legitimate reason for withdrawing a plea.

**{¶28}** The assignment of error is overruled. The judgment of the Delaware County Common Pleas Court is affirmed.

By: Hoffman, P.J.
Delaney, J. and
Baldwin, J. concur.