[Cite as *State v. Figueroa*, 2025-Ohio-1997.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHRISTOPHER FIGUEROA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0108**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 00229

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling,* Assistant Mahoning County Prosecutor for Plaintiff-Appellee and

*Atty. James R. Wise* for Defendant-Appellant.

Dated: June 5, 2025

**Robb, P.J.**

{¶1} Appellant, Christopher Figueroa, plead guilty to two counts of rape. He appeals the trial court's decision overruling his presentence motion to withdraw his plea agreement. For the following reasons, we affirm.

Statement of the Case

{¶2} Appellant was indicted in April of 2021. He was charged with thirteen counts: six counts of rape, five counts of sexual battery, and two counts of gross sexual imposition. Each charge involved the same minor victim. The first count alleged the victim was under the age of thirteen at the time of the offenses and charged him with a first-degree felony life sentence.

{¶3} Appellant retained counsel and bond was set. The parties began the exchange of discovery when Appellant failed to appear for a pretrial hearing and the court issued a bench warrant for his arrest. The warrant was recalled and the bond was reinstated.

{¶4} Appellant secured new counsel and the exchange of discovery continued.

{¶5} Appellant's initial defense attorney filed a notice of substitution indicating he will be the attorney who would try the case. (May 9, 2022 Notice.) This counsel filed additional discovery requests and moved to continue the trial date. (June 3, 2022 Motion to Continue.)

{¶6} A superseding indictment was issued charging Appellant with additional charges. He was charged with 15 counts of rape; nine counts of sexual battery; and two counts of gross sexual imposition. Each of the charges involved one of two victims. The superseding indictment also charged another individual, a female co-defendant. She was charged with four counts of rape. These four charges involved one of the victims identified in the charges against Appellant. (January 19, 2023 Superseding Indictment.)

{¶7} The state moved to revoke Appellant's bond. For cause, the state claimed some of the additional charges against Appellant occurred while the case was pending and he was out on bond. (January 20, 2023 Motion.)

{¶8} Additional discovery was sought and exchanged. While the discovery is not in the record, the items listed as exchanged include recorded interviews of the alleged

victims, incident reports, police reports, investigative notes, children's services records, and BCI test results.

{¶9}    Appellant's counsel moved to sever his co-defendant's charges so he could be tried separately.  The motion alleged the co-defendant would be arguing that "her will was overrun by the" Appellant.  (December 20, 2023 Motion.)

{¶10} The state opposed the motion.  The state's opposition provided further details of the allegations and the evidence against them, including photographs of one of the minor victims located on a device owned by Appellant.  (February 8, 2024 Opposition.) The trial court denied the motion to sever.

{¶11} Appellant subsequently entered a plea agreement.  He entered a plea of guilty to two counts of rape in violation of R.C. 2907.02(A)(2)(B), first-degree felonies. The state agreed to recommend an aggregate 20 year prison term but provided Appellant could argue for less time.  The parties agreed Appellant would register as a Tier III sex offender and have no contact with the victims.  (July 3, 2024 Plea.)  In exchange, the state moved to dismiss counts one; three through 18; and 20-26.  (July 3, 2024 Motion.)

{¶12}  The plea hearing reflects the following.  The trial court outlined the proposed plea agreement.  The state indicated it had contacted the victims, who were in agreement with the recommendation.  Neither victim wanted to be present for the plea hearing.

{¶13}  The court commenced the colloquy and ensured Appellant understood he was admitting to the conduct alleged in the two counts.  The court advised of the maximum penalty Appellant faced, and Appellant agreed he understood.  The court also reviewed the rights Appellant was waiving by entering the plea agreement, and he indicated he understood.  (July 3, 2024 Tr. 2-9.)

{¶14} The trial court likewise ensured Appellant reviewed the written plea agreement with his attorney in advance of the hearing and he had the opportunity to ask questions.  Appellant denied he had any questions for the court or his attorney during the plea hearing.  The court also asked whether Appellant understood certain charges were to be dismissed.  The court accepted his guilty plea.  (July 3, 2024 Tr. 10-17.)

{¶15} The court set the case for sentencing on September 12, 2024.  On September 11, 2024, Appellant filed a motion to withdraw his guilty plea, and his attorney moved to withdraw as defense counsel.  At the hearing, the defense addressed his motion

to withdraw.  Counsel explained Appellant felt pressured by the potential sentence and counsel's explanations.  There was no statement suggesting Appellant claimed to be innocent or have a viable defense.  The court and counsel discussed and agreed Appellant's case was an "old one," and the plea deal that Appellant accepted had been available to him for a year.  The court stated Appellant accepted the agreement: "after four years of negotiations with two [different] lawyers.  Multiple times I thought this matter was concluded, and every time we get to this point or near it, the defendant changes his mind.  That's where we are."  Appellant's co-defendant had pleaded guilty before Appellant.  (September 12, 2024 Tr.)

{¶16}  The state explained it had received the motion to withdraw the plea deal the morning of the hearing and had not yet had the opportunity to file a written response.  Nevertheless, the state insisted Appellant had years to consider the plea agreement and the victims wanted the state to seek to enforce the plea agreement.  It also emphasized the plea hearing was more than adequate and Appellant had knowingly, voluntarily, and intelligently waived his rights and entered the plea agreement.  Counsel's motion to withdraw was granted, Appellant was deemed indigent, and he was appointed new counsel.  (September 12, 2024 Tr.)

{¶17}  The state's written opposition spells out the details of the allegations and procedural history of the case.  It emphasizes that Appellant's alleged basis for his withdrawal request was simply facing sentencing for his offenses.  The state contends he had a "change of heart" the day before sentencing, which is not a reasonable and legitimate basis for withdrawing a plea.  The state also claimed prejudice to the victims who did not want to testify, wanted closure, and feared him and being in the same room as him.  The victims were minors who suffered years of abuse.  The state also urged the court to consider the overwhelming evidence against him.  (September 20, 2024 Opposition.)

{¶18}  The court held a full hearing on the motion to withdraw Appellant's plea agreement and overruled his motion.  (October 24, 2024 Judgment.)

{¶19}  The hearing transcript shows the following.  Appellant was present with his third attorney, who argued Appellant did not understand the rights he was foregoing upon entering guilty pleas.  Moreover, Appellant argued he had not seen the discovery and

evidence against him before entering the plea agreement. Appellant assumed what his prior counsel had been telling him was true. The court countered that this was the first time Appellant was raising this allegation, and there is a significant amount of discovery that is for counsel only and most of the other items should not be in Appellant's possession regardless.

{¶20} The state urged the court to find Appellant simply changed his mind, which is not good cause to withdraw a plea.

{¶21} The court also pointed out the length of time the victims had been waiting for closure, noting they had been waiting almost four years while the case was set for trial and during ongoing plea negotiations. He described the victims as terrified to attend court proceedings. The court found Appellant had multiple excellent attorneys and that each had examined the evidence against him. The court also found the hearings were more than sufficient and that it was giving full and fair consideration to the motion to withdraw. The court overruled the motion, explaining in part: "I have a hard time believing, . . . he didn't know the evidence that was lined up against him." (October 17, 2024 Tr.)

{¶22} During Appellant's sentencing hearing, the state outlined what the evidence at trial would have shown. The prosecution stated Appellant started abusing one victim, approximately once a month for a period of years from the time she was 12 years old until she was 17 when she reported him.

{¶23} After Appellant was facing charges for the first victim, it was discovered that he had been repeatedly raping and sexually abusing the other victim as well. This victim was first sexually abused at the age of six. The offenses occurred almost daily while she was younger. Appellant had recorded himself performing sexual acts on both victims. Appellant and his co-defendant told one victim she needed to lie about the offenses, which she did at first. Appellant impregnated the one victim when she was fifteen, and she made him take her to get an abortion. Appellant threatened both victims not to tell on him. After Appellant was charged with the offenses relating to the older victim, he asked the younger one to lie about the offenses and protect him in these proceedings.

{¶24} Both of the victims wrote letters, which were read into the record during sentencing. One described the trauma she endured, resulting in significant lifelong mental health issues and mental health treatment she will continue to receive as a result

of the sexual and physical abuse. The other victim described being so young that she did not comprehend it. She was forced to perform oral sex at the age of six. She thought the abuse was normal. (November 7, 2024 Sentencing Tr.)

**{¶25}** The trial court imposed the agreed upon recommended sentence of 10 years on each count of rape to be served consecutively with five years mandatory post-release control. Appellant was ordered to register as a Tier II sex offender. (November 14, 2024 Judgment.)

**{¶26}** Appellant raises one assignment of error on appeal.

<u>Presentence Motion to Withdraw Plea</u>

**{¶27}** Appellant's sole assigned error contends:

"The trial court erred in overruling the defendant's motion to withdraw his plea."

**{¶28}** Appellant contends the trial court abused its discretion by overruling his presentencing motion to withdraw his plea agreement. He claims he was "overwhelmed" by the case; he professed his innocence (for the first time since entering the plea); he felt panic and pressure to enter the plea agreement; he was not provided full or complete discovery; and the state would not have been prejudiced. He also argues the trial court erred by considering the wishes of the victims, who did not want to have to testify or "go through" a trial. He claims the motion was timely and would not have resulted in prejudice to the state.

**{¶29}** The state disagrees and urges us to find Appellant simply changed his mind.

**{¶30}** "A presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Barnes*, 2022-Ohio-4486, ¶ 13, quoting *State v. Xie*, 62 Ohio St.3d 521, 527. However, a defendant does not have an absolute right to withdraw his plea. *Id.* at paragraph one of the syllabus.

**{¶31}** A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea before it rules on a presentence motion to withdraw a plea. *State v. Barnes*, 2022-Ohio-4486. A trial court has discretion to determine whether there is a reasonable and legitimate basis for the defendant's withdrawal of his plea, which we should not disturb absent an abuse of discretion. *Id.* Absent an abuse of discretion on the part of the trial court in making the ruling, we must affirm. To find an abuse of discretion, we must find more than an error of judgment. We

must find the trial court's ruling was unreasonable, arbitrary, or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157 (1980).

**{¶32}** Yet, "when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start." *Barnes* at ¶21.

**{¶33}** We weigh nine factors when considering a presentence motion to withdraw a plea. None of the factors is conclusive. The factors a court should consider include, but are not limited to, the following:

> (1) the representation provided by defense counsel; (2) the defendant's understanding of the nature of the charges and the potential sentence; (3) the extent of the plea hearing; (4) the extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) the reasons for the motion; (7) whether the accused was perhaps not guilty or had a complete defense to the charge; (8) whether the timing of the motion was reasonable; and (9) whether the state will be prejudiced by withdrawal.

*State v. Grabe*, 2020-Ohio-4435 ¶ 15 (7th Dist.), citing *State v. Morris*, 2014-Ohio-882, ¶ 21 (7th Dist.), and *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995).

**{¶34}** As detailed in the statement of the case, Appellant had multiple, "excellent" trial lawyers representing him during the proceedings. Two different attorneys examined the weight of the evidence against him as well as the terms of the plea agreement before Appellant entered a plea.

**{¶35}** Further, a review of the plea hearing and the motion to withdraw hearing transcripts show the court conducted a full hearing on both matters. The court allowed a continuance of the sentencing hearing and permitted Appellant to secure new counsel before holding the full hearing on his motion to withdraw. The record also shows the trial court considered the basis for the plea, including the stated reasons for it and the history of the case in fashioning its decision.

**{¶36}** As for the reasons for the motion to withdraw, the record shows Appellant is not claiming innocence or a defense to the charges, but that he was overwhelmed and

afraid because he was facing decades in prison as a child sexual predator. A change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a plea. *State v. Peck*, 2015-Ohio-1279, ¶ 50 (7th Dist.).

**{¶37}** Furthermore, the reason expressed by Appellant's new counsel about fear and panic causing him to not understand the nature of the plea was challenged by the trial court as not previously expressed. There is nothing of record during the plea hearing demonstrating he was experiencing panic or distress.

**{¶38}** The court likewise tended to reject his argument that he had not been able to fully examine the evidence against him. The court emphasized the discovery should not be in Appellant's possession and the majority of the evidence was designated "counsel only," such that he was precluded from seeing it. Further, more than one defense counsel examined the evidence on Appellant's behalf.

**{¶39}** Additionally, Appellant does not identify why he waited until the day before sentencing to file his motion or to retain the new attorney. While the state did not claim prejudice as a result of the motion, the state and trial court did highlight the fact that further delays in the case would negatively impact the victims. They expressed their need for closure, and the court was aware that they did not want to be in the same room as him since they were terrified of him. While the wishes of the victim is not a listed criteria, the list is not exhaustive, and a court can identify and rely on other relevant factors as well. *State v. Morris,* 2014-Ohio-882, ¶ 21 (7th Dist.); *see State v. O'Garro*, 2023-Ohio-634, ¶ 29 (10th Dist.) (considering the impact on the victim when addressing post-sentencing motion to withdraw a guilty plea).

**{¶40}** "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Stumpf*, 32 Ohio St.3d 95 (1987), quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.

**{¶41}** In light of the foregoing, we decline to conclude the trial court abused its discretion in denying Appellant's motion. His sole assigned error is overruled.

Case No. 24 MA 0108

## Conclusion

{¶42} Appellant's sole assigned error lacks merit. The trial court's judgment is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

[Cite as *State v. Figueroa*, 2025-Ohio-1997.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**